**STATE of Missouri, Respondent,**

v.

**Kenneth W. SISAK, Appellant.**

**No. ED 86960.**

Missouri Court of Appeals, Eastern District, Division Two.

Dec. 19, 2006.

Application for Transfer Denied March 20, 2007.

Craig A. Johnston, Ellen H. Flottman, Columbia, MO, for appellant.

Shaun J. Mackelprang, Stephanie Morrell, Jefferson City, MO, for respondent.

Before GEORGE W. DRAPER III, P.J., GARY M. GAERTNER, SR., J., and ROBERT G. DOWD, JR., J.

### ORDER

PER CURIAM.

Kenneth Sisak (hereinafter, "Appellant") appeals from the trial court's judgment after a jury found him guilty of first degree murder, Section 565.020 RSMo (2000),[1] second degree murder, Section 565.021, first degree assault, Section 565.050, first degree robbery, Section 569.020, and four counts of armed criminal action, Section 571.015. Appellant received a combination of consecutive terms of life imprisonment and life imprisonment without probation or parole on the first degree murder, second degree murder, first degree assault, first degree robbery and three of the armed criminal action counts. Appellant also received a consecutive term of fifteen years' imprisonment on the remaining armed criminal action count.

Appellant raises two points on appeal. Appellant argues the trial court abused its discretion by: (1) failing to declare a mistrial when it noticed Appellant's leg restraint was potentially visible to the jurors during the guilt phase of the trial; and (2) excluding evidence of the victim's prior violent acts which would indicate he was the initial aggressor in the shooting that resulted in his death.

We have reviewed the briefs of the parties, the legal file, and the transcript on appeal and find no abuse of discretion. An opinion reciting the detailed facts and re-

---

1. All statutory references are to RSMo (2000) unless otherwise indicated.

stating the principles of law would have no precedential value. We have, however, provided a memorandum opinion, only for the use of the parties, setting forth the reasons for our decision. The judgment is affirmed pursuant to Rule 30.25(b).